IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GILMA ALVARADO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **5:19-cv-984** |
| JALAPENOS MEXICAN RESTAURANT, LLC | § | |
| | § | |
| | § | Jury Demanded |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Gilma Alvarado ("Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all of her overtime hours. Plaintiff was not compensated at the rate of time and one-half her regular rate of pay when she worked outside her normal work schedule.

## II. PARTIES

3. Plaintiff Gilma Alvarado is an individual who was employed by Defendant as a Kitchen Worker within the meaning of the FLSA.

4. Defendant Jalapenos Mexican Restaurant, LLC. (Defendant or "Jalapeños") is a Texas Limited Liability Company and can be served with process through its registered agent, Andres Flores, 12030 Bandera Rd. Ste 101, Helotes, TX 78023.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.    FACTUAL ALLEGATIONS

12. Defendant is a restaurant located in San Antonio, Texas. It serves customers in Texas and it does more than $500,000.00 per year in business.

13. Plaintiff worked in the kitchen for Defendant. She was regularly scheduled to work 40 or more hours in a work week. However, Plaintiff was not compensated for that time in excess of 40 hours per week that she worked for Defendant.

14. Plaintiff was paid on an hourly basis but was not compensated at the rate of time and one half her regular rate of pay for the hours she worked outside of her regular shifts. Because Plaintiff regularly worked 40 or more hours per week, any extra time she worked would be considered overtime.

15. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff. Plaintiff complained to Defendants about Defendants' failure to pay time-and-a-half for hours in excess of 40 hours in a workweek. Defendants never fixed the problem after Plaintiff complained.

16. In January of 2019, the Department of Labor investigated Defendant. Plaintiff's supervisors asked her to sign documentation stating that she was paid overtime, when in fact she had not been.

17. Although Plaintiff signed the document, when she was called and asked by the Department of Labor investigators, she told them she had not been paid overtime.

18. Following this, her supervisors were upset with her.

19. On March 7, 2019, Plaintiff's supervisor yelled at her and told her that if she had a problem with someone then she needed to tell him because he was the boss. He told her "there's the door" and terminated her in front of other employees.

20. This termination was due to Plaintiff truthfully telling the Department of Labor that she had not been paid overtime.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. During the relevant period, Defendant violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII. CAUSE OF ACTION: RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Defendant terminated Ms. Alvarado's employment in retaliation for complaining about violations of the Fair Labor Standards Act ("FLSA"). Such a retaliatory termination is itself prohibited by the FLSA, 29 U.S.C. 215(a)(3).

## VIII. RELIEF SOUGHT

23. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b. For an Order awarding Plaintiff the costs of this action;

c. For an Order awarding Plaintiff attorneys fees; and

d. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

BY: /s/ *Alan Braun*

ADAM PONCIO
STATE BAR NO. 16109800
salaw@msn.com
ALAN BRAUN
STATE BAR NO. 24054488
abraun@ponciolaw.com

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:   (210) 212-7979
Facsimile:   (210) 212-5880

**ATTORNEYS FOR PLAINTIFF**